UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW GINSBERG, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CC Vending, Inc., a New York corporation and Heartland Payment Systems, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No.  20-cv-9742 |

## NOTICE OF REMOVAL

Defendant Heartland Payment Systems, LLC ("Heartland"), by its attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1446 *et seq*.  The grounds for removal are as follows:

1. Plaintiff Matthew Ginsberg ("Ginsberg") commenced the action in the Supreme Court of the State of New York, County of New York, Index No. 655614/2020, by filing a Summons and Class Action Complaint ("Complaint"), and naming CC Vending, Inc. ("CC Vending") and Heartland as defendants.

2. Ginsberg served Heartland via its registered agent CT Corporation System on October 30, 2020.  Thereafter, CT Corporation System provided a copy of the Complaint to Heartland.  Copies of all process, pleadings, and orders served upon Heartland are attached to this Notice as **Exhibit 1**.  A copy of the State Court docket is attached to this Notice as **Exhibit 2;** and copies of the affidavits of service on each defendant are attached to this Notice as **Exhibit 3**.

3. Neither Heartland nor CC Vending has filed a responsive pleading to the Complaint.

4. Therefore, this Notice of Removal has been timely filed within thirty days of the date of service. *See* 28 U.S.C. § 1446(b).

5. In addition, CC Vending's consent to remove this lawsuit is not required. *See* 28 U.S.C. § 1453(b).

## BACKGROUND

6. Ginsberg brings this lawsuit to stop Defendants' alleged "unlawful practice of assessing an unauthorized credit card surcharge on products purchased at the CC Vending's vending machines located in New York." Compl. at p. 1. Ginsberg seeks actual or compensatory damages, statutory damages and attorney's fees under General Business Law § 349, and injunctive relief. *See* Compl.

7. Ginsberg seeks to bring his claims against Defendants on behalf of a class of "[a]ll persons in the United States who, within the applicable statute of limitations, purchased products from one of CC Vending's vending machines, and whose credit or debit card payments were processed by Heartland." Compl. ¶ 31.

## CAFA'S JURISDICTIONAL REQUIREMENTS ARE SATISFIED

8. An action may be removed to this Court if it has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). New York County is located in the Southern District of New York. *See* 28 U.S.C. § 112(b). Therefore, under 28 U.S.C. § 1441(a), venue is proper in this Court because the Southern District of New York embraces the place in which the removed action is pending.

9. CAFA vests federal district courts with original jurisdiction over any action that: (a) is a purported class action; (b) satisfies minimal diversity requirements; (c) presents an amount

in controversy of at least five million dollars in the aggregate, exclusive of interest and costs; and (d) involves a class of at least 100 members. *See* 28 U.S.C. § 1332(d).

10. This lawsuit satisfies all of the requirements under CAFA for federal jurisdiction because (1) this is a putative class action, (2) the putative class exceeds 100 members, (3) Ginsberg is the citizen of a different state than Heartland, and (4) the amount in controversy likely exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

### A. This Action is a Putative Class Action.

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is a putative "class action" under CAFA because Ginsberg asserts allegations on behalf of a "class".

### B. The Putative Class Exceeds One Hundred Members.

12. While Ginsberg fails to identify the exact number of putative class members, he estimates that "there are thousands of members of the Class such that joinder of all members is impracticable." Compl. ¶ 36.

13. As described below, this is consistent with Heartland's records which show there are around 2,000,000 credit and/or bank card transactions attributable to CC Vending within the past year. Based on Ginsberg's class definition, which includes "[a]ll persons in the United States who . . . purchased products from one of CC Vending's vending machines . . .," the putative class likely far exceeds the one hundred class member minimum set by CAFA. *See* Compl. ¶ 31; 28 U.S.C. § 1332(d)(5)(B).

### C. The Minimal Diversity Requirements of CAFA Exist Here.

14. Only minimal diversity is required under CAFA, and as such, CAFA diversity jurisdiction exists if "any member or a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

15. Ginsberg is an individual residing in New York and thus is a citizen of New York. Compl. ¶ 7.

16. Heartland is a limited liability corporation organized under the laws of Delaware with its principal place of business in Georgia. Heartland's sole member is Global Payments Inc., a Georgia corporation with its principal place of business in Georgia. *See Bartfield v. Murphy*, 578 F. Supp. 2d 638, 644 (S.D.N.Y. 2008) ("For purposes of diversity jurisdiction, a[n] LLC has the citizenship of each of its members."). Thus, Heartland is a citizen of both Delaware and Georgia.

17. Because Heartland's citizenship is diverse from Ginsberg's citizenship, CAFA's minimum diversity requirement is satisfied.

### D. The Amount in Controversy Exceeds $5,000,000 in the Aggregate.

18. CAFA applies if the amount in controversy exceeds "the sum or value of $5,000,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(d)(2). The claims of the individual class members can be aggregated to determine whether the matter in controversy exceeds the sum or value of the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6).

19. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). The removing defendant "must show that it appears to a 'reasonable

probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

20. When considering the jurisdictional threshold, "the court looks first to the complaint, and then to the petition for removal. If the initial pleadings and petition for removal are inconclusive as to the value of the controversy, the court may look to the moving papers." *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 527 (S.D.N.Y. 2008); *see also Henry v. Warner Music Grp. Corp.*, No. 13 CIV. 5031 PGG, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) ("Where the pleadings themselves are inconclusive as to the amount in controversy courts may look outside those pleadings to other evidence in the record.").

21. Here, Ginsberg's claims arise out of the alleged failure to disclose the surcharge that results when an individual purchases a product from one of CC Vending's machines with a credit or debit card. Compl. ¶¶ 20, 27.

22. Ginsberg asserts claims under N.Y. General Business Law § 349, breach of contract or in the alternative unjust enrichment, and fraudulent misrepresentation. The Complaint does not include the specific amount of damages sought by Ginsberg, but includes claims for statutory damages associated with his § 349 claims.

23. Pursuant to N.Y. General Business Law § 349(h), "any person who has been injured by reason of any violation of this section may bring" a lawsuit to recover the greater of his actual damages or $50. In addition, the court may award reasonable attorneys' fees to a prevailing plaintiff. N.Y. Gen Bus. Law § 349(h).

24. Heartland is a payment processor and has identified three different Merchant ID's associated with CC Vending card transactions that were processed by Heartland within the last year.

25. For just one of the Merchant ID's, Heartland's records show that there were at least 2,000,000 card transactions processed by Heartland for CC Vending within the past year.

26. Ginsberg's putative class seeks, among other things, statutory damages pursuant to § 349(h) in the amount of $50.00, and on this basis alone, the 2,000,000 card transactions could equal almost $100,000,000.00 in statutory damages.

27. As described above, the 2,000,000 transactions represent just a portion of the total number of card transactions processed by Heartland for CC Vending machines within the past year, and which according to Ginsberg's Complaint, would fall within the putative class definition. Ginsberg's putative class claims relating to the § 349 claim also includes potential claims for three (3) years prior to the filing of the Complaint, Compl. ¶ 31; CPLR 214(2), and the analysis described above, represents only a portion of the transactions for the last year.

28. Accordingly, the CAFA amount in controversy requirement is clearly satisfied by aggregating the compensatory and statutory damages of the putative class members for only one of Plaintiff's various claims. The amount in controversy can also include the reasonable attorney's fees sought by Plaintiff's counsel under his § 349 claim. *See Henry*, 2014 WL 1224575, at *3 (citations omitted); *accord Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). Calculating the attorney's fees of millions of putative class members further evidences that the amount in controversy is well above $5,000,000.

29. Based on the foregoing, the total amount in controversy well exceeds the jurisdictional amount of $5,000,000, exclusive of interest and costs.

## CONCLUSION

30. As set forth above, this Court has original diversity jurisdiction under CAFA because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs, and is a class action (of more than 100 individuals) between Ginsberg who is a citizen of a state different from Heartland. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

31. Written notice of the filing of this Notice of Removal is being served simultaneously upon Plaintiff's counsel and the Clerk of New York County as required by 28 U.S.C. § 1446(d).

32. By removing this action from the Supreme Court for the State of New York, County of New York, Heartland neither waives any defenses available to it nor admits any of the allegations in the Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d) and 1446, Defendant Heartland Payment Systems, LLC hereby requests removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
November 19, 2020

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**
*Attorneys for Defendant, Heartland Payment Systems, LLC*

By:   */s/ Ryan L. DiClemente*
Ryan L. DiClemente
Stephanie L. Denker
1270 Avenue of the Americas, Ste. 2005
New York, NY 10020
(212) 980-7200
ryan.diclemente@saul.com
stephanie.denker@saul.com